# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| MELANIE A. MOORE, | Case No. CV 16-03704-AS |
| Plaintiff, | **MEMORANDUM OPINION AND** |
| v. | **ORDER OF REMAND** |
| NANCY A. BERRYHILL,[1] Acting Commissioner of the Social Security Administration, | |
| Defendant. | |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter be remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On May 26, 2016, Plaintiff filed a Complaint seeking review of the denial of her applications for Disability Insurance Benefits and

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration and is substituted in for Acting Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On October 25, 2016, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 15-16). The parties filed a Joint Stipulation ("Joint Stip.") on October 4, 2017, setting forth their respective positions regarding Plaintiff's claim. (Docket Entry No. 28).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures in Social Security Appeal," filed June 1, 2016 (Docket Entry No. 9).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On December 3, 2012, Plaintiff, formerly employed as a certified nurse assistant and sales associate (see AR 176-79), filed applications for Disability Insurance Income and Supplemental Security Income, both alleging a disability since January 1, 2010. (See AR 140-48). On July 3, 2014, the Administrative Law Judge ("ALJ"), Edward Graham, heard testimony from Plaintiff (represented by counsel) and vocational expert Howard Goldfarb. (See AR 44-55). On July 25, 2014, the ALJ issued a decision denying Plaintiff's applications. (See AR 24-31). After determining that Plaintiff had severe impairments -- seizure disorder, anemia, mood disorder and cognitive disorder (AR 26) -- but did not have an impairment or combination of impairments that met or medically equaled the severity of one of the Listed Impairments (AR 26-28), the

ALJ found that Plaintiff had the residual functional capacity ("RFC")[2] to perform a full range of work at all exertional levels with the following limitations: cannot work at heights or with moving machinery; can understand and remember tasks; can sustain concentration and persistence; can socially interact with the general public, co-workers and supervisors; and can adapt to workplace changes frequently enough to perform unskilled, low-stress jobs that require simple instructions. (AR 28-29). The ALJ then determined that Plaintiff was not able to perform any past relevant work (AR 29-30), but that Plaintiff could perform jobs existing in significant numbers in the national economy, and was therefore not disabled within the meaning of the Social Security Act. (AR 30-31).

Plaintiff requested that the Appeals Council review the ALJ's Decision. (See AR 19-20). The request was denied on April 1, 2016. (See AR 1-5). The ALJ's Decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly evaluate the opinion of consultative psychological examiner, Dr. Chehrazi. (See Joint Stip. at 4-9, 14-15).

---

[2] A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations. See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

3

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's claim of error warrants a remand for further consideration.

**A. The ALJ Did Not Properly Reject the Opinion of Examining Psychologist, Avazeh Chehrazi, Ph.D**

Plaintiff asserts that the ALJ failed to provide any reasons, or even specific and legitimate reasons, for rejecting the opinion of examining psychologist, Dr. Chehrazi. (See Joint Stip. at 4-9, 14-15). Defendant asserts that the ALJ properly evaluated the opinion of Dr. Chehrazi. (See Joint Stip. at 8-11).

An ALJ must take into account all medical opinions of record. 20 C.F.R. §§ 404.1527(b), 416.927(b). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." Holohan v. Massanari, 246 F.3d 1195, 1202 (9th Cir. 2001); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

If a treating or examining doctor's opinion is not contradicted by another doctor, the ALJ can reject the opinion only for "clear and convincing reasons." Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); Lester v. Chater, 81 F.3d at 830-31. If the treating or examining doctor's opinion is contradicted by another doctor, the ALJ must provide "specific and legitimate reasons" for rejecting the opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester v. Chater, supra.

On July 23, 2013, Avazeh Chehrazi, Ph.D (a clinical psychologist) prepared a report following a complete psychological evaluation of Plaintiff. (See AR 252-57). Based on Plaintiff's complaints/statements (see AR 252-54), a review of Plaintiff's medical records and Plaintiff's medical and social history (see AR 253), and the results of a mental status examination and tests (Trail Making Test, Parts A and B; Wechsler Adult Intelligence Scale; Wechsler's Memory Scale) (see AR 254-25), Dr. Chehrazi diagnosed Plaintiff, inter alia, with mood disorder (due to a general medical condition), cognitive disorder, NOS, and probable borderline intellectual functioning, and assessed a current Global Assessment Functioning Score of 60. Dr. Chehrazi opined that Plaintiff had the following psychological limitations: Plaintiff would have no difficulties in understanding, remembering and carrying out short, simplistic instructions and in responding to change in a normal workplace setting; and Plaintiff would have moderate difficulties in understanding, remembering and carrying out detailed and complex instructions, in making simplistic work-related decisions without special supervision, in complying with job rules such as safety and attendance, in maintaining persistence and pace in a normal workplace setting, and in interacting appropriately with supervisors, co-workers and peers on a consistent basis. (AR 252-57).

After extensively summarizing Dr. Chehrazi's report, including Dr. Chehrazi's opinion (see AR 29), the ALJ stated, "The undersigned has considered this opinion and gives it great weight as it is consistent with the tests conducted, the treating notes, and the entire record as a whole as discussed herein." (Id.).

Although the ALJ claimed to give "great weight" to Dr. Chehrazi's opinion, the ALJ appears not to have taken Dr. Chehrazi's opinion - that Plaintiff would have moderate difficulties in complying with job rules, such as attendance and safety, in maintaining persistence and pace in a normal workplace setting, and in interacting appropriately with supervisors, co-workers and peers on a consistent basis - into account when determining Plaintiff's RFC. (AR 28, 256-57). See Richardson v. Colvin, 2016 WL 4487823, *5 (C.D. Cal. Aug. 23, 2016) (ALJ erred in accepting an examining physician's opinion that the claimant had a moderate limitation in the ability to respond appropriately to usual work situations and changes in a routine work setting but not incorporating that limitation into the RFC); Gentry v. Colvin, 2013 WL 6185170, *14-*16 (E.D. Cal. Nov. 26, 2013)(ALJ erred in crediting an examining physician's opinion that the claimant had a moderate limitation in the ability to interact appropriately with co-workers and supervisors but failing to include such limitation in the RFC or in a hypothetical question to the vocational expert). Respondent correctly points out that the ALJ properly considered Dr. Chehrazi's opinion concerning Plaintiff's moderate difficulties in concentration, persistence and pace when determining the severity of Plaintiff's mental impairments (step 2) and Plaintiff's RFC, specifically, unskilled, low-stress work requiring simple instructions (step 3) (see Joint Stip. at 10-14, citing inter alia Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) and Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007)). However, the ALJ did not provide any reasons, much less "specific and legitimate" reasons or "clear and convincing" reasons, for rejecting Dr. Chehrazi's opinion regarding Plaintiff's moderate limitations in complying with job rules such as attendance and safety

and in interacting appropriately with supervisors, co-workers and peers on a consistent basis in determining Plaintiff's RFC.

**B.    Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, 211 F.3d at 1179-81.

A remand is appropriate where, as here, the ALJ finds a physician's opinion credible but then fails to include or address material aspects of that opinion in the FRC determination. See Bagby v. Commissioner, 606 Fed. Appx, 888, 890 (9th Cir. 2015). Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 19, 2017

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE